THOMAS M. HENRY, AUDITOR OF PUBLIC ACCOUNTS, v. JOHN
W. CARTER.

[40 South. Rep., 995.]

1. CONSTITUTIONAL LAW.  *Constitution* 1890, sec. 72.  *Legislative bill.
Return by Governor.*

Where, after its passage by the legislature, a bill reached the gov-
ernor within five days next before the adjournment of the session
and was not returned by him within three days after the beginning
of the next session, it became a law, without executive approval,
under Constitution 1890, sec. 72, regulating the subject.

2. SAME.  *Laws* 1904, p. 47, ch. 57.  *Restoration by state of money
wrongfully held.*

Laws 1904, p. 47, ch. 57, reimbursing an ex-tax collector, whose
money had erroneously been paid into the state treasury, is not
violative of the constitution of 1890; it does not violate:

(a) Sections 1 and 2, dividing the powers of the state into those
which are executive, those which are legislative, and those which
are judicial, nor

(b) Section 69, providing that all appropriation bills, other than
general ones, shall embrace but one subject; nor

(c) Section 87, forbidding the suspension of a general law by a
special act for the benefit of an individual; nor

(d) Section 96, prohibiting extra compensation to public officers.

FROM the circuit court of, first district, Hinds county.
HON. DAVID M. MILLER, Judge.

Carter, the appellee, was plaintiff in the court below, and
Henry, auditor of public accounts, was defendant there.  The
suit was a mandamus proceeding.  The judgment of the court
below awarded the writ, and Henry, auditor, appealed to the
supreme court.  A previous suit of the same nature between
the same parties was heretofore in the supreme court and is

reported. See *Carter* v. *Henry, Auditor,* 87 Miss., 411 (s.c., 40 South. Rep., 995).

The question at issue was the validity of the act of the legislature, Laws 1904, p. 47, ch. 57, Carter contending that it was valid and entitled him to a warrant on the state treasury for the sum mentioned in its first section, while Henry, auditor, insisted that the act was invalid, and refused to issue the warrant. The act, omitting its title, is and was in words and figures following:

"SECTION 1. *Be it enacted by the Legislature of the State of Mississippi,* that the sum of seven hundred and forty dollars and six cents ($740.06) be, and the same is hereby, appropriated to be paid out of the state treasury from moneys not otherwise appropriated, as a donation to J. W. Carter, a citizen of Kemper county, to reimburse him for said amount paid into the state treasury through a collection made by the revenue agent in November, 1900.

"SEC. 2. That the board of supervisors of Kemper county be, and is hereby, authorized to allow the claim of J. W. Carter, a citizen of Kemper county, for the sum of one thousand seven hundred and eighty dollars and sixty-two cents ($1,780.-62) wrongfully paid by him to said county through a collection made by the state revenue agent in November, 1900, and said board of supervisors is hereby authorized and empowered to make such provision for the payment of said sum as to it may seem best, and in the order allowing said claim said board may direct the payment of said amount, or so much thereof as it may see proper, to be made in partial payments.

"SEC. 3. That this act take effect and be in force from and after its passage."

The defendant filed several pleas in the court below, by one of which he presented the question as to whether the act ever became a law under Constitution 1890, sec. 72, providing for the presentation of bills to the governor and his return of the

same to the legislature, and for his failure to return them; by others he raised the question of the constitutionality of the act, claiming that it violated secs. 1 and 2, dividing the powers of the state into those which are legislative, those which are ex-ecutive, and those which are judicial; and sec. 69, providing that an appropriation bill, other than general ones, should embrace but one subject; and sec. 87, forbidding the suspension by special act of the operation of a general law for the benefit of an individual; and sec. 96, prohibiting extra compensation to public officers. Carter had been tax collector of Kemper county, and this claim against the state sprang out of the performance of or efforts to perform official duties.

The plaintiff demurred to all the pleas, the court below sustained the demurrer to all of them, and defendant, not desiring to plead further, a final judgment was rendered in plaintiff's favor.

*Green & Green,* for appellant.

(1)  Section 87 of the constitution prohibiting the suspension of the operation of any general law in favor of any private individual is violated by the present act.

(2)  The return of the bill, unsigned by the governor, with a message to the house wherein it originated, prevents it becoming a law without being passed by a two-thirds vote of the legislature, as required by sec. 72 of the constitution.

(3)  The bill was an appropriation bill, and thereon was engrafted legislation in violation of sec. 69 of the constitution.

(4)  The amount appropriated by this bill was due the state of Mississippi by Carter as tax collector, and was collected and paid into the state treasury by the revenue agent as such, and that the same was but an appropriation in the form of a donation to release and discharge a liability due the state in violation of sec. 100 of the constitution.

(5)  That the appropriation was an extra allowance to Car-

ter for a service rendered by him as sheriff and tax collector in violation of sec. 96 of the constitution.

(6)     This act of the legislature reverses and annuls the judgment of (a) the board of supervisors, and (b) the circuit court of Kemper county and the supreme court of the state in *Adams* v. *Carter,* heretofore decided, both being courts of competent jurisdiction, having heard and determined the cause upon its merits, and having rendered judgment in favor of the state; thus there was an invasion of the judicial power by the legislature.

*Neville & Wilborn,* for appellee.

All statutes are presumed to be constitutional and all doubts are to be resolved in favor of the constitutionality of statutes; and no statute is to be condemned unless in palpable conflict with some constitutional provision, and such conflict will not be implied.     23 Enc. L. (1st ed.), p. 349; *Newsom* v. *Cocke,* 44 Miss., 352; *Marshall* v. *Griemes,* 41 Miss., 31; *Sykes* v. *Columbus,* 55 Miss., 14; *Burnham* v. *Sumner,* 50 Miss., 520; *Hart* v. *State,* 39 South. Rep., 523; Cooley on Const. Limitations, sec. 184.

The court must find the intent of the legislature in the act itself.     *Tynam* v. *Walker,* 95 Am. Dec., 152; *In re Murphy,* 23 N. J. Law (3 Zab.), 180; *Keyport, etc., Steamboat Co.* v. *Farmers Transfer Co.,* 18 N. J. Eq., 13.     See especially *Stevenson* v. *Colgan,* 14 L. R. A., 459, and note on consideration of extrinsical evidence as to the unconstitutionality of act.

The courts will not entertain the objection that the enactment of a statute was colorable only, but will treat all acts of the legislature as having been passed in good faith.     *State* v. *Eau Clare,* 40 Wis., 533.

Argued orally by *R. V. Wilbourn,* for appellee.

CALHOON, J., delivered the opinion of the court.

We do not think the act for the relief of J. W. Carter obnoxious to any of the objections so strongly put by counsel, and we think it properly became a law under sec. 72 of our constitution. We know of no provision of that instrument preventing the people, through their legislature, from being honest. If it was the purpose of the constitutional convention to forbid restitution of money wrongfully in the treasury, that body would be a stench to all civilized peoples. This legislative act is avowedly to make restitution, though it is styled a donation, and there is a specific clause in the constitution authorizing donations. It was not designed to establish public moral turpitude as a crystallized principle of state policy.

*Affirmed.*